```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )     No. S2-4:05 CR 605 HEA
                                )                         DDN
GLEN THOMAS DOTSON,             )
                                )
            Defendant.          )
```

**THIRD REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is again before the Court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On May 25, 2006, the grand jury returned a superseding indictment. In Count 3 of that indictment, defendant Glen Thomas Dotson alone is charged with conspiracy to deliver a specifically described firearm to defendant Virgil Lee Jackson on October 22, 2005. Two overt acts are alleged to have occurred on October 22, 2005.

The parties filed pretrial motions, an evidentiary hearing was held on August 14, 2006, and the undersigned issued an Order and Recommendation regarding those motions on September 13, 2006. On October 19, 2006, the district judge adopted the recommendations of the undersigned except with regard to the motions to sever.

On August 23, 2007, the grand jury returned a second superseding indictment against defendant Glen Thomas Dotson. In it defendant Dotson is charged with the offense of conspiring to cause others to use a facility in interstate commerce with the intent to murder an individual (Count 1), and conspiring to deliver a firearm to a known felon (Count 2).

Following the filing of the second superseding indictment, the parties engaged in renewed motion practice which the court took up on October 9, 2007.

## Motion to suppress evidence

Defendant has moved to suppress evidence seized from defendant's vehicle at the time of his arrest (Doc. 214).

From the evidence adduced at the hearing, the undersigned makes the following findings of fact and conclusions of law:

## FACTS

1. On June 1, 2006, St. Charles, Missouri, City Police Detective Jerry Drury arrested defendant Glen Thomas Dotson. Det. Drury had been familiar with the investigation of Dotson for conspiracy to murder Virgil Lee Jackson. And he knew that a federal arrest warrant had been issued for Dotson upon the May 26, 2006, federal indictment of Dotson for allegedly transferring a firearm to a felon. So, On June 1, 2006, Det. Drury arranged for Police Lt. Mitchell to telephone Dotson to have him come to the police department to post a bond for someone. This was a ruse to have Dotson come to the station so he could be arrested.

2. Shortly after noon on June 1, 2006, as requested Glen Dotson drove to the police station in his 1998 Ford Explorer. When he entered the lobby, Det. Drury formally placed him under arrest and Dotson was handcuffed. Also present was federal Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Theodore Heitzler. Drury asked Dotson whether he was armed. Dotson answered in the negative but said he had a .45 caliber firearm in his car. At that time, Agent Heitzler read Dotson his constitutional rights to remain silent and to counsel. Det. Drury then asked Dotson whether the police could search his vehicle to which Dotson answered, "Yes."

3. Det. Drury and Agent Heitzler then began searching Dotson's car outside. Because a storm appeared to be brewing, the police moved the Ford Explorer into the police sallyport entrance to the police station to get out of the storm. Agent Heitzler and Det. Drury searched the vehicle and found a black bag behind the driver's seat. They opened the bag and found and seized a Ruger .45 caliber pistol with a clip of ammunition, a set of leg irons, and a stun device. From the vehicle glove box they found and seized a set of brass knuckles.

4.      Det. Drury then asked Dotson where he should put the car so that it would be secure.  Dotson answered that he should lock it up in the police department parking lot, so that Dotson's son could come and get it.

5.      After the car was searched, Agent Heitzler brought Dotson to the federal courthouse in St. Louis.  There Dotson was asked to sign a written consent to search form, Government Exhibit 2, which ratified the search.  Dotson did so at 2:40 p.m., thereby indicating that the earlier search of his vehicle was with his consent.  Also, Dotson was presented with a Tow Option Form, which he also signed at 2:40 p.m., expressly authorizing the parking of his car at the St. Charles City Police Department and authorizing the police to turn the car over to his son. Gov. Ex. 1.

## **DISCUSSION**

The motion to suppress the items seized from defendant's Ford Explorer should be denied.  Defendant argues that the search of his vehicle violated the Fourth Amendment because it was done without a warrant and without his voluntary consent.

A voluntary consent to a search dispenses with the warrant requirement of the Fourth Amendment. United States v. Siwek, 453 F.3d 1079, 1084-85 (8th Cir. 2006); United States v. White, 42 F.3d 457, 459 (8th Cir. 1994).  Constitutionally voluntary consent must be "the product of an essentially free and unconstrained choice by its maker ... rather than the product of duress or coercion, express or implied." United States v. Mancias, 350 F.3d 800, 804 (8th Cir. 2003)(quotations and citations omitted).  The court must look to the totality of the circumstances to determine whether a consent is voluntary. Id. at 805.

The circumstances establish that defendant's consent for the police to search his Ford Explorer was voluntary.  Defendant voluntarily drove his vehicle into the police lot, albeit expecting to conduct police business.  He was lawfully arrested with a warrant.  He knew the police would reasonably expect that he was armed, given his bail bondsman profession.  No evidence indicated that the police coerced defendant into consenting to the search of his vehicle.  Later in the day, this

consent was further evidenced by defendant's signing the written consent to search form, which ratified the lawfulness of the earlier search.

Whereupon,

**IT IS HEREBY RECOMMENDED** that the motion of defendant to suppress evidence (Doc. 214) be denied.

The parties are advised they have until December 5, 2007, to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

   /S/ David D. Noce   
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 20, 2007.