UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CR605 HEA |
| | ) | |
| GLEN THOMAS DOTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge David D. Noce's Third Report and Recommendation that Defendant's Motion to Suppress Evidence, [Doc. No. 214], be denied. Defendant has filed Objections to the Report and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recording of the hearing held on October 9, 2007.

Defendant does not object to Judge Noce's conclusions of law, rather, he objects to the findings of facts as they relate to the law. Defendant's motion to suppress is premised on the argument that the search of his vehicle on June 1, 2006 violated his Fourth Amendment rights. Defendant contends the search was preformed without a warrant and without his voluntary consent. Defendant's objection is without merit.

As Judge Noce correctly reports, Defendant's consent was voluntary. He was asked at the time of his arrest whether he was armed. He stated that he was not, but that he had a weapon in his vehicle. When asked if the vehicle could be searched, Defendant gave his consent. He ratified this consent on a written consent to search form. Clearly, Defendant's assent and written ratification fall within the realm of a constitutionally permissible search. The consent was "the product of an essentially free and unconstrained choice by the maker. . . rather than the product of duress or coercion, express or implied." *United States v. Manias*, 350 F.3d 800, 804 (8th Cir. 2003). Defendant himself advised Detective Drury that he had a weapon in his car; he answered affirmatively when asked if the vehicle could be searched, without any qualms; he ratified the search by signing the consent form. There is no question that Defendant's consent was voluntary; it was an essentially free and unconstrained choice. There exists no evidence to indicate Defendant was coerced or under duress at the time he gave his consent. The Court therefore adopts

the Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress

Evidence, [Doc. No. 214], is denied.

Dated this 27th day of December, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE