# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CR605 HEA |
| | ) | |
| GLEN DOTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss his conviction. In his motion, defendant challenges the validity of his sentence. The label a prisoner attaches to a motion or petition challenging a judgment or sentence is not determinative. That is, although defendant refers to his motion as a motion to dismiss his conviction, this Court is not constrained by the title given to the action by defendant. *E.g., United States v. Farley,* 971 F. Supp. 184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions).

Federal Courts have authority to issue a writ of error coram nobis or to dismiss a conviction under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. U.S.*, 517 U.S. 416, 429 (1996). Relief under the All Writs Act is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California,* 426 U.S. 394, 403 (1976).

Where, as here, a federal prisoner files a motion challenging the basis of the underlying criminal judgment or the sentence imposed, the Court will construe it as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See, e.g., Gonzalez v. Crosby,* 545 U.S. 524, 530 (2005) (treating motion filed under Fed. R. Civ. P. 60(b) as habeas action); *see also, Trenkler v. U.S.,* 536 F.3d 85, 97-99 (1st Cir. 2008) (petitioner cannot avoid the procedural restrictions imposed on a § 2255 motion by simply labeling the motion as a petition for writ of error coram nobis). An action under the All Writs Act is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. *See U.S. v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan,* 346 U.S. 502, 511 (1954). In fact, a writ of coram nobis, or a motion to dismiss a conviction under the All Writs Act is available only when the applicant is not in custody. *U.S. v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 2004); *U.S. v. Torres,* 282 F.3d 1241, 1245 (10th Cir. 2002). Defendant is currently being held at Forrest City Federal Correctional Institution in Forrest City, Arkansas. As such, coram nobis proceedings are not the appropriate vehicle to bring his arguments to this Court. Moreover, defendant has already brought two prior § 2255 actions in this Court, the last of which is currently still pending before this Court. *See Dotson v. United States*, No. 4:19-CV-113 HEA (E.D.Mo). Therefore, the Court will not ask the Clerk to redocket the instant matter as a motion to vacate under § 2255. Rather, the Court will deny the instant matter is improperly brought as a writ of error coram nobis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss his conviction [Doc. #360] is **DENIED AND DISMISSED** as an improperly brought writ of error coram nobis. The Court takes judicial notice that defendant currently has a motion to vacate his conviction and

sentence currently pending before this Court in *Dotson v. United States*, No. 4:19-CV-113 HEA (E.D.Mo).

**IT IS FURTHER ORDERED** that an appeal of the denial of this Order would not be taken in good faith.

Dated this 19th day of March, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE